# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2014

No. 12-60298
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHEREN NGUYEN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CR-9-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

A jury convicted Sheren Nguyen of transporting illegal aliens for financial gain, a violation of 8 U.S.C. § 1324(a)(1)(A)(ii). On appeal, Nguyen contends that the district court erred by refusing to exclude evidence of her participation in a previous scheme to transport illegal aliens. She also contends that the district court erred by refusing to suppress evidence derived from the traffic stop during which she was found to be transporting the illegal aliens.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At trial, Nguyen asserted that she did not know the aliens were in the United States illegally.  On the contested issue of Nguyen's knowledge, the Government presented testimony from an Immigration and Customs Enforcement agent who had previously confronted Nguyen at a Houston airport, where Nguyen admitted that she was being paid to transport illegal aliens.  The evidence of the Houston incident was probative of Nguyen's knowledge that she was transporting illegal aliens, and its probative value was not substantially outweighed by a risk of undue prejudice.  *See United States v. Robles-Vertiz*, 155 F.3d 725, 730 (5th Cir. 1998) (holding that evidence of a prior alien-smuggling conviction was "relevant and admissible to undercut" a defense of "an honest, good-faith mistake" and to show that the defendant knew aliens were illegal).

The traffic stop of Nguyen was fully justified in its inception.  *See United States v. Rains*, 615 F.3d 589, 594 (5th Cir. 2010).  Nguyen was weaving on the roadway, her license plate was partially obscured, and a computer check of the license plate indicated that there was no record of it.  And the stop was reasonable in scope.  Only 10 minutes passed between the initial stop and Nguyen's consent to search the car, and the computer checks and citation writing had not yet been completed.  *See United States v. Shabazz*, 993 F.2d 431, 436-37 (5th Cir. 1993).  Moreover, during the policeman's proper questioning of Nguyen and her passengers, "further reasonable suspicion, supported by articulable facts" emerged.  *United States v. Brigham*, 382 F.3d 500, 507 (5th Cir. 2004) (en banc).  In addition, Nguyen's consent to the search, and thus to a prolonged detention, was voluntary and not "the product of duress or coercion, express or implied."  *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973); *see United States v. Jenkins*, 46 F.3d 447, 451 (5th Cir. 1995) (setting forth factors relevant to voluntary consent).

The judgment of the district court is AFFIRMED.